IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2145-FL

| | | |
|---|---|---|
| RICKY LEE GROVES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| D.R. STEPHENS, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE # 11) of respondent D.R. Stephens ("respondent"), to which petitioner responded. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court denies respondent's motion to dismiss.

## STATEMENT OF THE CASE

On July 12, 1994, petitioner was indicted in an eighty-three (83) count indictment on drug-related and firearm charges. See United States v. Ricky Lee Groves, No. 5:94-CR-97-F1 (E.D.N.C.). Petitioner proceeded to a jury trial. On December 2, 1994, the jury returned guilty verdicts on the following charges: (1) count one, drug conspiracy in violation of 21 U.S.C. § 846; (2) count two, criminal enterprise in violation of 21 U.S.C. § 848; (3) count three, use of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1); (4) counts four through eleven, possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1); (5) count twenty-one, possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1); (6) count thirty-one (31), possession with

intent to distribute in violation of 21 U.S.C. §841(a)(1); (7) count thirty-two (32), possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1); (8) count thirty-four (34), possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1); (9) count sixty-one (61), trading food stamps for cocaine base in violation of 7 U.S.C. § 2024(b); (10) counts sixty-eight (68) to sixty-nine (69), trading food stamps for cocaine base in violation of 7 U.S.C. § 2024(b); and (11) counts seventy-one (71) to seventy-three (73), trading food stamps for cocaine base in violation of 7 U.S.C. § 2024(b). On February 16, 1995, petitioner was sentenced to life imprisonment, plus an additional sixty (60) month term of imprisonment.

Following his conviction and sentence, petitioner filed a notice of appeal. On September 12, 1996, the Fourth Circuit Court of Appeals affirmed his conviction. On September 22, 1997, petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner's § 2255 petition was denied as untimely on September 25, 1997.

On July 28, 2011, petitioner filed this *pro se* habeas petition pursuant to 28 U.S.C. § 2241. Petitioner alleges that his conviction in count three for using a firearm in violation of § 924(c)(1) is now invalid pursuant to the United States Supreme Court's decision in Watson v. United States, 552 U.S. 74 (2007). The Court in Watson held that a person who receives a gun in exchange for drugs cannot be said to "use" the gun in relation to a drug trafficking offense. Thus, in order to show "use" of a firearm in relation to a drug trafficking offense, the government must prove "active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." Id. at 76-77 (quoting Bailey v. United States, 516 U.S. 137, 143 1995)).

On February 23, 2012, respondent filed a motion to dismiss, and petitioner responded on March 23, 2012.

2

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

B.  Analysis

Respondent contends that petitioner's action should be dismissed because petitioner is inappropriately attacking the legality of his sentence in his § 2241 petition. The legality of one's conviction and sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). A procedural impediment to § 2255

3

relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review inadequate or ineffective. Id. 115 F.3d at 1194, n. 5.

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). In Jones, the court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. Petitioner is able to meet the first and third prongs of the Jones test because his conviction was legal in 1994 and because the decision in Watson did not amount to a new rule of constitutional law.

As for the second prong of the Jones test, petitioner alleges that Watson changed the substantive law governing his conviction such that the conduct he engaged in does not constitute a criminal offense. Accordingly, petitioner has set forth facts which could be construed to meet the second prong of the Jones test. Because petitioner has alleged facts which could be construed to satisfy the criteria set forth in Jones for demonstrating that § 2255 is an "inadequate or ineffective remedy," the court DENIES respondent's motion to dismiss.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE # 11) is DENIED. Any motion for summary judgment is due within thirty (30) days of this order. The response is due twenty-one (21) days thereafter.

4

Case 5:11-hc-02145-FL   Document 15   Filed 08/22/12   Page 4 of 5

SO ORDERED, this the 21st day of August, 2012.

                                                _/s/ Louise W. Flanagan_
                                                LOUISE W. FLANAGAN
                                                United States District Judge